# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Carlin Powell,　　　　　　　　　　　　　　　　　Case No. 3:16CV3050

　　　　　Petitioner

　　v.　　　　　　　　　　　　　　　　　　　　**ORDER**

State of Ohio,

　　　　　Respondent

　　　　This is a habeas corpus case under 28 U.S.C. § 2241.

　　　　Petitioner Carlin Powell is a pretrial detainee at the Cuyahoga County, Ohio, Jail, where he is awaiting trial on multiple counts of rape, kidnapping, and corruption of a minor.

　　　　When the Cuyahoga County grand jury indicted Powell in August, 2015, he was in custody in North Carolina, serving a prison sentence for narcotics offenses. In October, 2015, the Cuyahoga County Sheriff's Department served a detainer on Powell's custodian in North Carolina, and North Carolina authorities ultimately transferred Powell to Ohio in May, 2016. (Doc. 10 at 3–4).

　　　　As of this filing, the Ohio court has set Powell's trial for May 10, 2017. (Docket Entry of March 6, 2017, *State v. Powell*, Case No. CR–15–598275–A, Cuyahoga Cnty. Common Pleas Ct.).

　　　　Powell seeks habeas relief on the ground that Ohio authorities failed to honor his request for a speedy trial under the Interstate Agreement on Detainers (IAD). (Doc. 1 at 2–5). He alleges that he made such a request of the Ohio authorities in November, 2015 (*id.* at 9), and that the terms of the IAD entitled him to a trial within 180 days of that date. Nevertheless, the trial has yet to begin.

Respondent has moved to dismiss the petition (Doc. 10), and I will grant the motion.

Under Sixth Circuit precedent, "a violation of [the Interstate Agreement on Detainers] . . . is not a basis for habeas corpus relief." *Browning v. Folz*, 837 F.2d 276, 283 (6th Cir. 1988); *see also Everett v. Burgh*, 477 F. App'x 325, 327 (6th Cir. 2012) (claim that "State violate the Interstate Agreement on Detainers . . . by taking too long to bring [the petitioner] to trial" was "not cognizable on federal habeas review"); *Curtis v. U.S.*, 123 F. App'x 179, 184–85 (6th Cir. 2005) (IAD claims are not cognizable in § 2241 cases).

Because Powell's claim is not cognizable, he is not entitled habeas relief.

It is, therefore,

ORDERED THAT:

1. Respondent's motion to dismiss the petition for a writ of habeas corpus (Doc. 10) be, and the same hereby is, granted with prejudice;

2. Petitioner's motion for a preliminary injunction (Doc. 5) be, and the same hereby is, denied, as moot;

3. Petitioner's motion for leave to file an amended petition (Doc. 7), which raises the same claims as the original petition, be, and the same hereby is, denied as moot; and

4. No certificate of appealability will issue, as reasonable jurists would agree that the petition states no cognizable ground for habeas relief.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge